GREG W. MARSH, ESQ.
Nevada Bar No. 322
**LAW OFFICES OF GREG W. MARSH**
731 South Seventh Street
Las Vegas, Nevada 89101
Tel: (702) 387-0052
Fax: (702) 387-0063
gwm4253@aol.com

PAUL G. CEREGHINI, ESQ.
Nevada Bar No. 10000
CURTIS J. BUSBY, ESQ.
Nevada Bar No. 6581
**BOWMAN AND BROOKE LLP**
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012
Tel: (602) 643-2300
Fax: (602) 248-0947
paul.cereghini@bowmanandbrooke.com
curtis.busby@bowmanandbrooke.com

Attorneys for Defendant/Crossdefendant Chrysler Group LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAMION L. THOMAS,<br><br>        Plaintiff,<br><br>vs.<br><br>CHRYSLER GROUP, LLC; CAROL M. DOUGLASS; DOES I through X; and ROE CORPORATIONS XI THROUGH XX, inclusive,<br><br>        Defendants.<br>_____<br>CAROL M. DOUGLASS,<br><br>        Crossclaimant,<br><br>vs.<br><br>CHRYSLER GROUP, LLC.<br><br>        Crossdefendant. | CASE NO. 2:14-cv-671-JAD-GWF<br><br>**PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS** |

1  Defendant Chrysler Group LLC ("Chrysler Group"), by and through its attorneys of record, Curtis J. Busby, of Bowman and Brooke LLP, and Greg W. Marsh, of the Law Offices of Greg W. Marsh; Plaintiff Damion Thomas, by and through his attorney of record, George T. Bochanis, of George T. Bochanis, Ltd.; and Defendant/Crossclaimant Carol M. Douglass, by and through her attorney of record George M. Ranalli and Steven M. Goldstein, of Ranalli & Zaniel, hereby stipulate and agree as follows:

WHEREAS the Parties already have or anticipate that they will produce documents or provide information in the above-captioned matter that may contain personal, confidential, proprietary, trade secret, or competitively sensitive information ("Confidential Information");

WHEREAS the Parties hereby enter into the terms of this Protective Order Governing Confidentiality Of Documents pursuant to Fed. R. Civ. P. 26(c) limiting the dissemination of Confidential Information that may be produced or otherwise disclosed in the above captioned matter.

Based on the foregoing,

IT IS HEREBY STIPULATED AND AGREED as follows:

1. Whether by automatic disclosure or in response to written discovery, the parties may designate as "protected" or "subject to protective order" or with a similar designation any portion of its documents produced or discovery responses that contain Confidential Information, including personal, trade secret or other confidential research, development or commercial information or which is otherwise considered protected under applicable law. Testimony and other information based upon documents so designated shall be considered protected and subject to this Protective Order.

2. Information contained therein shall be disclosed only to counsel of record in this action or only to individuals certified by such counsel as employed by or assisting counsel in preparation for, or at the trial of, this action. Any person or firm to whom Confidential Information is to be disclosed shall first be advised by counsel making

disclosure that, pursuant to this Protective Order, such person or firm may not divulge any such information to any other person.

3. Any such documents or information shall be used only for the purpose of prosecuting this action.

4. In the event that any party seeks to attach Confidential Information to any pleading, motion, deposition transcript or other paper filed with Clerk of the Court, the party filing the pleading, motion, deposition transcript or other paper must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and the following:

    a. The Confidential Information to be submitted with the pleading, motion, deposition transcript, or other paper must be submitted only for *in camera* inspection in accordance with L.R. 10-5(a); or

    b. The Confidential Information to be submitted with the pleading, motion, deposition transcript, or other paper must be submitted under seal using the court's electronic filing procedures as stated in L.R. 10-5(b).

5. The production of such documents or information by any party shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have.

6. Should any party dispute the need for any particular document(s) or information to be entitled to protection pursuant to the Order, then within thirty (30) days following receipt of said document(s) the party disputing confidentiality shall notify the other parties, through their attorneys, of such dispute, following which the party producing the document or information shall have thirty (30) days to file a motion before the Court requesting a protective order. Information or documents that are disputed pursuant to this paragraph will remain protected pending the Court's review and decision regarding this matter.

7. Upon the termination of this action, copies of all documents and information furnished by Chrysler Group to Plaintiff or any other party to this action, together with all originals and copies of notes, sketches, data, compilations, extracts and reproductions

1  furnished by Chrysler Group, shall be returned to counsel for Chrysler Group, together with a
2  letter from any counsel receiving documents pursuant to this Order stating that all documents
3  and copies of such documents that were provided by Chrysler Group have been returned to
4  Chrysler Group.
5     **IT IS SO ORDERED:**
6  _/s/ George Foley Jr._____
7  GEORGE FOLEY, JR.
   UNITED STATES MAGISTRATE JUDGE
8  DATED: ___September 24, 2014_____

10 **DATED** this 23rd day of September, 2014.    **DATED** this 23rd day of September, 2014.

11 **GEORGE T. BOCHANIS, LTD.**                   **BOWMAN AND BROOKE LLP**

12 By: _/s/ George T. Bochanis (w/permission)_    By: _/s/ Curtis J. Busby_____
13     GEORGE T. BOCHANIS, ESQ.                       CURTIS J. BUSBY, ESQ.
       Nevada Bar No. 2262                            Nevada Bar No. 6581
14     631 South Ninth Street                         2901 North Central Avenue,
       Las Vegas, NV 89101                            Suite 1600
15                                                    Phoenix, Arizona  85012

16 Attorneys for Plaintiff                         In conjunction with:

17                                                    GREG W. MARSH, ESQ.
                                                      Nevada Bar No. 322
18                                                    **LAW OFFICES OF GREG W. MARSH**
                                                      731 South Seventh Street
19                                                    Las Vegas, Nevada  89101

20                                                 Attorneys for
                                                   Defendant/Crossdefendant
21                                                 Chrysler Group LLC

22 **DATED** this 23rd day of September, 2014.

23 **RANALLI & ZANIEL**

24 By: _/s/ George M. Ranalli  (w/persmission)_
25     GEORGE M. RANALLI, ESQ.
       Nevada Bar No. 5748
       Steven M. Goldstein
26     Nevada Bar No. 6318
       2400 W. Horizon Ridge Parkway
27     Henderson, NV 89052

28 Attorneys for Defendant Carol M. Douglas