**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAMION L. THOMAS,<br><br>   Plaintiff,<br><br>vs.<br><br>CHRYSLER GROUP LLC; CAROL M. DOUGLASS; DOES I through X; and ROE CORPORATIONS XI THROUGH XX, inclusive,<br><br>   Defendants.<br><br>CAROL M. DOUGLASS,<br><br>   Crossclaimant,<br><br>vs.<br><br>CHRYSLER GROUP LLC,<br><br>   Crossdefendant. | CASE NO. 2:14-cv-671-JAD-GWF<br><br>**ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION AND ORDER BARRING FURTHER CLAIMS AGAINST DEFENDANT FCA US LLC [Doc. 41]** |

This matter involves a single vehicle accident in which plaintiff Damion Thomas crashed a 2008 Jeep Cherokee into a concrete pillar in the valet parking garage at Caesars Palace Hotel & Casino on September 26, 2013, while retrieving it for the vehicle owner, defendant Carol Douglass.

Before the Court is the Motion for Good Faith Settlement Determination and Order Barring Further Claims Against Defendant FCA US LLC.[1]

**A.   Legal Standard**

Nevada Revised Statute section 17.245 requires a settlement to be a "good faith" settlement. *See* Nev. Rev. Stat. §17.245. If a good faith settlement is reached, it provides the tortfeasor with "an affirmative defense to any claims for contribution by another joint tortfeasor found liable for damages to plaintiff." *In re MGM Grand Hotel Fire Litig.*, 570 F.

---

[1] I find this motion suitable for dispotion without oral argument. Nev. L.R. 78-2. No party filed a response to the motion. This constitutes consent to the granting of the motion under Local Rule 7-2(d).

Supp. 913, 927 (D. Nev. 1983) However, the statute gives 'little guidance" in determining what constitutes good faith. *Velsicol Chem. Corp. v. Davidson,* 107 Nev. 356, 357, 811 P.2d 561, 562 (1991) (per curiam).

Accordingly, courts apply the following factors when determining whether a settlement satisfies Section 17.245's good faith requirement: (1) the amount paid in settlement; (2) the allocation of the settlement proceeds among plaintiffs; (3) the insurance policy limits of settling defendants; (4) the financial condition of settling defendants; (5) the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants. In re *MGM Grand Hotel Fire Litig.,* 570 F. Supp. at 927 (citing *River Garden Farms, Inc. v. Superior Court for Cnty. Of Yolo,* 26 Cal.App. 3d 986, 996, 103 Cal. Rptr. 498, 505 (1972)).

A trial Court has discretion to determine whether a settlement has been made in good faith. *In re MGM Grand Hotel Fire Litig.,* 570 F. Supp. at 927. A settling defendant bears the burden of proving that the settlement was in good faith. *Doctors Co. v. Vincent,* 120 Nev. 644, 650-53, 98 P.3d 681, 685-87 (2004).

**B.    The Settlement Satisfies the Good-Faith Requirement.**

FCA's good faith motion satisfies the requirement for several reasons. First, the settlement is the result of extensive arm's length negotiations and consideration of all facts and circumstances available both with an independent mediator at a private mediation and afterwards, amongst themselves. Second, it appears that the price paid for the settlement reflects the parties' consideration of relative liability and the strengths and weaknesses of their respective claims and defenses. Lastly, based on the motion before the Court, the settlement is not the product of collusion, fraud, or tortious conduct.

The Court has examined the Confidential Settlement Agreement and Release between plaintiff and FCA US LLC by which plaintiff will settle his claims against FCA US. The confidential price offered for the settlement, based on the facts available, appears reasonable and to be within the reasonable range of the settling defendant's proportionate share of the comparative liability for the plaintiff's injuries and damages. Based on these

findings, the Court hereby Orders that the proposed settlement between FCA US LLC and plaintiff is in good faith in accordance with NRS 17.245 and this Court Orders that any further claims against FCA US LLC for contribution or equitable indemnity are hereby barred.

DATED this 19th day of August, 2015.

IT IS SO ORDERED:

By: _____
Jennifer A. Dorsey
United States District Judge

Respectfully submitted:

**BOWMAN AND BROOKE LLP**

/s/ Curtis J. Busby
Paul G. Cereghini, Esq.
Curtis J. Busby, Esq.
2901 North Central Avenue
Suite 1600
Phoenix, AZ  85012

In conjunction with:

Greg W. Marsh, Esq.
Law Offices of Greg W. Marsh
731 South Seventh Street
Las Vegas, NV  89101

FCA US LLC (f/k/a Chrysler Group LLC)