```
GEORGE M. RANALLI, ESQ.
Nevada Bar No. 5748
ERNEST MP MORAN, ESQ.
Nevada Bar No. 010934
RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W Horizon Ridge Parkway
Henderson, Nevada 89052
ranalliservice@ranallilawyers.com
Attorneys for Defendant/Cross-Claimant,
CAROL M. DOUGLASS
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAMION L. THOMAS, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: 2:14-cv-671-JAD-GWF |
| CHRYSLER GROUP, LLC; CAROL M. DOUGLASS; DOES I through X; and ROE CORPORATIONS XI through xx, inclusive, | ) **ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION OF DEFENDANT/ CROSS-CLAIMANT CAROL M. DOUGLASS AND ORDER BARRING FURTHER CLAIMS AGAINST CAROL M. DOUGLASS** |
| Defendants. | ) |
| CAROL M. DOUGLASS, | ) ECF No. 53 |
| Cross-Claimant, | ) |
| vs. | ) |
| CHRYSLER GROUP, LLC. | ) |
| Cross-Defendant. | ) |

This matter involves a single vehicle accident in which Plaintiff Damion L. Thomas crashed a 2008 Jeep Cherokee belonging to Defendant Carol M. Douglass into a concrete pillar in the valet parking garage of Caesar's Palace Hotel & Casino

1

1  while retrieving the vehicle for Defendant Carol M. Douglass, on
2  September 23, 2013.
3     Before this Court is the Motion for Good Faith Settlement
4  and Determination and Order Barring Further Claims Against
5  Defendant Carol M. Douglass.
6  **A.   Legal Standard**
7     Nevada Revised Statute section 17.245 requires a settlement
8  to be in "good faith". See Nev. Rev. Stat. § 17.245. If a good
9  faith settlement is reached, it provides the tortfeasor with "an
10 affirmative defense to any claims for contribution by another
11 joint tortfeasor found liable for damages to plaintiff." In re
12 MGM Hotel Fir Litig., 570 F. Supp. 913, 927 (D. Nev. 1983).
13 However. The statue gives "little guidance" in determining what
14 constitutes good faith. Veliscol Chem. Corp. v. Davidson, 107
15 Nev. 356, 357, 811 P.2d 561, 562(1991)(per curiam).
16    As a result, courts apply the following factors when
17 determining whether a settlement satisfies Section 17.245's good
18 faith requirement: (1) the amount paid in settlement; (2) the
19 allocation of the settlement proceeds among Plaintiff's; 3() the
20 insurance policy limits of settling Defendants; (4) the
21 financial condition of settling Defendants; (5) the existence of
22 collusion, fraud or tortuous conduct aimed to injure the
23 interests of non-settling Defendants. In re MGM Hotel Fire
24 Litig., 570 F. Supp. at 927 (citing River Garden Farms, Inc v.
   Superior Court for Cnty. Of Yolo, 26 Cal.App. 3d 986, 996, 103

2

Cal. Rptr. 498, 505 (1972))

The trial Court has discretion to determine whether a settlement has been made in good faith. <u>In re MGM Hotel Fir Litig.</u>, 570 F. Supp. 913, 927. A settling defendant bears the burden of proving the settlement was in good faith. <u>Doctors Co. v. Vincent</u>, 120 Nev. 644, 650-53, 98 P.3d 681, 685-87 (2004).

**B. The Settlement is in Good Faith and the Good-Faith Requirement is Satisfied**

Defendant Carol M. Douglass' good faith motion satisfies the requirement for the following reasons: First, the settlement is the result of extensive arm's length negations and consideration of all facts and circumstances available at both a private mediation by an independent mediation and between Plaintiff and Defendant Douglass. Second, the price paid for the settlement reflects the parties consideration of relative liability and the strengths and weaknesses of the respective claims and defenses. Third, the insurance policy limits of settling defendants are not relevant due to Defendant Chrysler already having settled out on this case and an agreement by Plaintiff to settle with Defendant Douglass for less than her policy limits. Fourth, the financial condition of Defendant Douglass is not relevant because the parties agreed to settle for less than Defendant Douglass' policy limits based upon a fair evaluation of the potential exposure Defendant Douglass has to the Plaintiff. Fifth, the based on the motion before the

Court, the settlement is not the product of collusion, fraud or tortuous conduct.

The thirty-five thousand dollars ($35,000) offered for the settlement, based on the facts available, appears reasonable and to be within the reasonable range of the settling defendant's proportionate share of the comparative liability for the Plaintiff's injuries and damages. Based upon these findings, the Court hereby Orders that the proposed settlement between Defendant Carol M. Douglass and Plaintiff is in good faith in accordance with NRS 17.245 and this Court Orders that any further claims against Defendant Carol M. Douglass for contribution or equitable indemnity are hereby barred.

DATED this 15th day of August, 2016.

IT IS SO ORDERED; the Clerk of Court is directed to CLOSE THIS CASE.

_____
Jennifer Dorsey
U.S. District Court Judge

Respectfully Submitted:

RANALLI ZANIEL FOWLER & MORAN, LLC

/s/ George M. Ranalli
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**ERNEST MP MORAN, ESQ.**
Nevada Bar No. 010934
2400 W. Horizon Ridge Parkway
Henderson, Nevada 89052
*Attorney for Defendant/Cross-Claimant,*
CAROL M. DOUGLASS

4